# United States District Court
### NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| GENIS LUZ CONDE BERTEL, Individually, as Personal Representative of the Estate of Angel Emilio Rivas Gutierrez, Deceased, and on Behalf of All Wrongful Death Beneficiaries; NOA NORELIS RODRIGUEZ VERA, Individually and as Next Friend of A.J.R.R. and N.E.R.R., Minors; YOSWAR ALEXANDER HERNANDEZ; and ANGELIMAR RIVAS RODRIGUEZ<br><br>v.<br><br>ELITE FLOWERS d/b/a ELITE FLOWER SERVICES, INC. | § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 3:24-CV-2381-S |

## MEMORANDUM OPINION AND ORDER

This Memorandum Opinion and Order addresses the Motion to Remand ("Motion") [ECF No. 7] filed by Plaintiffs Genis Luz Conde Bertel, Individually, as Personal Representative of the Estate of Angel Emilio Rivas Gutierrez, Deceased, and on Behalf of All Wrongful Death Beneficiaries; Noa Norelis Rodriguez Vera, Individually and as Next Friend of A.J.R.R. and N.E.R.R., Minors; Yoswar Alexander Hernandez; and Angelimar Rivas Rodriguez. The Court has reviewed and considered the Motion, Defendant Elite Flowers d/b/a Elite Flower Services, Inc.'s Response to the Motion ("Response") [ECF No. 9], Plaintiffs' Reply to the Response ("Reply") [ECF No. 10], Defendant's Sur-Reply to the Reply ("Defendant's Surreply") [ECF No. 11], Plaintiffs' Sur-Reply to Defendant's Sur-Reply ("Plaintiffs' Surreply") [ECF No. 12], and the applicable law. For the following reasons, the Court **DENIES** the Motion.

## I. BACKGROUND

On August 12, 2024, Plaintiffs—the widow and children of Angel Emilio Rivas Gutierrez ("Decedent")—filed this lawsuit against Defendant in County Court at Law No. 1, Dallas County, Texas. *See* Pls.' Original Pet. ("Petition") [ECF No. 8-3] ¶ 6; Def.'s Am. Notice of Removal [ECF No. 8] ¶ 2. On February 5, 2024, Decedent was working for Defendant at a job site. Pet. ¶ 10. Plaintiffs allege that, as part of his job duties, Decedent "was moving a defect[ive] [f]orklift." *Id.* As Decedent stepped out of the forklift, the machine allegedly "drove forward and fatally struck . . . Decedent." *Id.* Decedent passed away two days later. *Id.* At the time of the incident, Defendant was a subscriber to Texas workers' compensation insurance coverage. Def.'s Original Answer to Pet. [ECF No. 5] ¶ 33. Plaintiffs brought claims against Defendant for negligence, negligent hiring, training, supervision, and retention, and gross negligence.[1] Pet. ¶¶ 14-17, 26-30. Plaintiffs seek survival and wrongful death damages. *Id.* ¶¶ 19, 21.

Defendant removed the case, asserting that the Court has subject-matter jurisdiction because the parties are diverse and the amount in controversy exceeds $75,000. *See* Def.'s Am. Notice of Removal ¶ 3. Defendant stated that Plaintiffs are citizens of Texas, *id.* ¶ 4, and that Defendant is a citizen of Florida, *id.* ¶ 5. Plaintiffs moved to remand the case, claiming that it is not removable because Plaintiffs' claims arise under Texas workers' compensation laws. Mot. ¶ 3.

## II. LEGAL STANDARD

Any civil action brought in a state court of which the district courts have original jurisdiction may be removed to the district court embracing the place where such action is pending "[e]xcept as otherwise expressly provided by Act of Congress." 28 U.S.C. § 1441(a). Congress

---

[1] In the Petition, Plaintiffs include a section on "Violation of OSHA Standards." Pet. ¶¶ 22-25. But it does not appear that Plaintiffs intended to bring a separate cause of action for alleged violations of Occupational Safety and Health Administration standards. *See* Mot. ¶ 4. Since this issue does not impact the Court's analysis, the Court will assume, without deciding, that Plaintiffs did not assert such a claim in the Petition.

2

has expressly provided that certain types of cases, listed in 28 U.S.C. § 1445, are nonremovable. One such type of case is "[a] civil action in any State court arising under the workmen's compensation laws of such State." *Id.* § 1445(c). Because removal raises significant federalism concerns, the removal statute is strictly construed, and any doubt about the propriety of removal jurisdiction is resolved in favor of remand. *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007) (citations omitted).

### III. ANALYSIS

It is undisputed that the parties are diverse and that subject-matter jurisdiction exists. However, Plaintiffs argue that 28 U.S.C. § 1445(c) renders this case nonremovable because their claims arise under the Texas Workers' Compensation Act ("TWCA"), TEX. LAB. CODE ANN. § 401.001 et seq. Mot. ¶ 3. Specifically, Plaintiffs assert that their claims arise under Sections 408.001(a)-(b) and 408.002 of the TWCA. *Id.* ¶¶ 2-3. Defendant responds that because Plaintiffs' claims arise under the Texas Wrongful Death Act, TEX. CIV. PRAC. & REM. CODE ANN. § 71.001 et seq., Defendant's removal of the case was proper. Resp. ¶¶ 2-3.

As stated above, Section 1445(c) prohibits removal of cases arising under state workers' compensation laws. "The Fifth Circuit has held that 'arising under' in § 1445(c) should be construed in the same manner as 'arising under' in § 1331, the federal question statute." *Kaspar v. Ryder Integrated Logistics, Inc.*, No. EP-20-CV-00245-RFC, 2020 WL 6741654, at *1 (W.D. Tex. Nov. 17, 2020) (citing *Jones v. Roadway Express, Inc.*, 931 F.2d 1086, 1092 (5th Cir. 1991)). Thus, a suit arises under the TWCA if the TWCA "creates the cause of action."[2] *See Jones*, 931 F.2d at 1092 (citation omitted).

---

[2] Pursuant to 28 U.S.C. § 1331, a claim also arises under federal law if the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law. *Gomez v. O'Reilly Auto. Stores, Inc.*, 283 F. Supp. 3d 569, 572 (W.D. Tex. 2017) (citing *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). "The Fifth Circuit, however, has not had occasion to apply the

3

### *A. Section 408.001*

Plaintiffs first contend that their claims arise under Section 408.001 of the TWCA, which "does not prohibit the recovery of exemplary damages by the surviving spouse or heirs of . . . a deceased employee whose death was caused by . . . the employer's gross negligence." TEX. LAB. CODE ANN. § 408.001(b); Mot. ¶ 2. The Court disagrees and holds that Section 408.001 does not create Plaintiffs' causes of action. In reaching this conclusion, the Court considers the history of the Texas Wrongful Death Act and the TWCA, the interplay between the statutes, and the TWCA's plain text.

In the late nineteenth century, Texas adopted its Wrongful Death Act. *Wagner v. FedEx Freight, Inc.*, 315 F. Supp. 3d 916, 922 (N.D. Tex. 2018) (citation omitted). The Texas Wrongful Death Act "provides a cause of action for certain family members to recover compensatory and exemplary damages for the wrongful death of their decedent." *Callis v. Union Carbide Chem. & Plastics Corp.*, 932 F. Supp. 168, 169 (S.D. Tex. 1996) (citing TEX. CIV. PRAC. & REM. CODE ANN. §§ 71.002, 71.004, 71.009). Subsequently, the Texas Constitution was amended to confirm that exemplary damages are available to plaintiffs under the Wrongful Death Act. *Wagner*, 315 F. Supp. 3d at 922-23 (citing, among other sources, TEX. CONST. art. XVI, § 26).

The Texas legislature, "[c]ognizant of this constitutional provision," enacted the TWCA in 1913—after the enactment of the Texas Wrongful Death Act and after the related amendment to the Texas Constitution. *See id.* at 923 (citation omitted). Pursuant to the TWCA, "[r]ecovery of workers' compensation benefits is the exclusive remedy of an employee covered by workers' compensation insurance coverage or a legal beneficiary against the employer . . . for the death of . . . the employee." TEX. LAB. CODE ANN. § 408.001(a). Thus, because Defendant was a

---

substantial-question basis to § 1445(c)." *Id.* The Court would reach the same conclusion it reaches below even if it applied the broader definition of "arising under."

workers' compensation subscriber, neither Decedent nor Plaintiffs acting as his beneficiaries could bring tort claims in court to recover damages stemming from his death. *See TIC Energy & Chem., Inc. v. Martin*, 498 S.W.3d 68, 72-73 (Tex. 2016) (stating that for subscribing employers, the TWCA "prohibits employees from seeking common-law remedies from their employers by making workers' compensation benefits an injured employee's exclusive remedy" (citation omitted)); *Willoughby v. United States ex rel. U.S. Dep't of the Army*, 730 F.3d 476, 481 (5th Cir. 2013) ("The [TWCA] provides that workers' compensation benefits are the exclusive remedy for employees against employers for work-related injuries and deaths." (citation omitted)). However, Section 408.001(a) "does not prohibit the recovery of exemplary damages by the surviving spouse or heirs of the body of a deceased employee whose death was caused by an intentional act or omission of the employer or by the employer's gross negligence." TEX. LAB. CODE ANN. § 408.001(b). As such, Plaintiffs are permitted to bring suit solely to recover exemplary damages resulting from an intentional act or omission or gross negligence.

Given the history and nature of the Texas Wrongful Death Act, Texas Constitution, and TWCA, the Court determines that Section 408.001(b) did not create a cause of action "but merely preserved it, in accordance with the dictates of the Texas Constitution and relief authorized through the Wrongful Death Act." *Wagner*, 315 F. Supp. 3d at 924; *see also Duhart v. State*, 610 S.W.2d 740, 743 (Tex. 1980) (holding that Section 5 of Article 8306—the predecessor to Section 408.001(b)—"does not create a cause of action for exemplary damages, but merely saves an existing one to the extent allowed by law"); *DeForest v. WPX Energy Permian, LLC*, No. PE:23-CV-00026-DC-DF, 2024 WL 1080463, at *3 (W.D. Tex. Jan. 17, 2024) (determining that Section 408.001(b) only "preserves the pre-TWCA right of a plaintiff to seek exemplary damages in wrongful death cases involving allegations of gross negligence" (cleaned up)). "In

other words, § 408.001 does not create a cause of action for gross negligence but places such an action *outside* the TWCA framework." *DeForest*, 2024 WL 1080463, at *3 (emphasis added) (citation omitted); *see also Ross v. Union Carbide Corp.*, 296 S.W.3d 206, 214 (Tex. App.—Houston [14th Dist.] 2009, pet. denied) ("[S]ection 408.001(b) of the [TWCA] does not purport to create an independent cause of action, but instead identifies an exception to the [TWCA's] exclusivity provision." (citation omitted)).

The text of Section 408.001(b) is explicit. The provision does not provide for affirmative relief; rather, it "*does not prohibit* the recovery of exemplary damages." TEX. LAB. CODE ANN. § 408.001(b) (emphasis added). On its face, this provision "does not speak of creating a right to sue, but merely states that a claimant is not prohibited from seeking exemplary damages." *Clifford v. Abell Elevator Int'l, Inc.*, No. EP-18-CV-00191-FM, 2018 WL 6220122, at *4 (W.D. Tex. Aug. 27, 2018) (citation omitted); *see also Wagner*, 315 F. Supp. 3d at 921 ("The most natural reading of the statute is that § 408.001(b) assumes a right to sue for wrongful death already exists . . . ."). And because Section 408.001(b) does not create a cause of action, Plaintiffs' claims cannot arise under this provision of the TWCA. Thus, the bar to removal in 28 U.S.C. § 1445(c) does not apply. *See, e.g., DeForest*, 2024 WL 1080463 at *3.

The Court recognizes that not all district courts in the Fifth Circuit have reached the same conclusion.[3] *See, e.g., Wagner*, 315 F. Supp. 3d at 929-30 (collecting cases concluding that Section 408.001(b) creates a cause of action arising under the TWCA). Nevertheless, the Court,

---

[3] The Court notes that some of the main cases cited by Plaintiffs reached different conclusions under materially different circumstances. Specifically, they did not involve wrongful death claims brought against subscribing employers. *See, e.g.*, Mem. Order at 5, *Juanez v. Accura Sys., Inc.*, No. 3:04-CV-2593-B (N.D. Tex. Sept. 29, 2005), ECF No. 21 (concluding that a negligence action brought by an employee against a non-subscribing employer arose under the TWCA); *Wagnon v. Kroger Tex., LP*, 762 F. Supp. 3d 509, 511-12 (N.D. Tex. 2025) (holding that a personal injury claim brought by an employee against a non-subscribing employer arose under the TWCA).

having considered the facts of the case before it, the applicable law, and authority on both sides of the question, concludes that Defendant properly removed the instant case to federal court. Moreover, "the fact that district courts come out differently on this issue does not, by itself, create sufficient ambiguity such that remand is appropriate." *Poljanec v. Home Depot U.S.A. Inc.*, No. SA-14-CV-318-XR, 2014 WL 2050946, at *2 (W.D. Tex. May 19, 2014).

### *B. Section 408.002*

Plaintiffs next contend that their claims arise under Section 408.002 of the TWCA, which provides that "[a] right of action survives in a case based on a compensable injury that results in the employee's death." TEX. LAB. CODE ANN. § 408.002.[4] Plaintiffs do not have a separate cause of action under Section 408.002; therefore, whether such a claim would arise under the TWCA is irrelevant.

Plaintiffs bring claims for negligence and gross negligence. Decedent had no "right of action" under the TWCA for negligence or gross negligence that could survive his death. Defendant subscribed to workers' compensation insurance and thus receives the benefit of the TWCA's exclusive remedy provision, which "prevents employees from suing . . . for negligence." *Patterson v. Mobil Oil Corp.*, 335 F.3d 476, 480 (5th Cir. 2003). The only exception to this provision is the wrongful death carveout set forth in Section 408.001(b), which the Court addressed above. *See Berkel & Co. Contractors, Inc. v. Lee*, 612 S.W.3d 280, 284 (Tex. 2020) ("[The TWCA] does not permit a suit for an employer's grossly negligent conduct unless that conduct causes a fatal injury." (citing TEX. LAB. CODE ANN. § 408.001(b)). For these reasons, Plaintiffs have not asserted a cause of action under Section 408.002 separate and apart from their

---

[4] Plaintiffs cite Section 408.002 without elaborating on how this provision operates with or independently of Section 408.001. *See, e.g.*, Mot. ¶¶ 2-3, 5 (arguing that Plaintiffs' claims arise under Section 408.002 without providing authority or explanation for the contention). The cases cited by Plaintiffs largely analyze only Section 408.001.

claim arising under the Texas Wrongful Death Act, and Section 408.002 does not bar removal of this case.

## IV. CONCLUSION

For the reasons discussed above, the Court **DENIES** Plaintiffs' Motion to Remand [ECF No. 7].

**SO ORDERED.**

SIGNED June 3, 2025.

**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**